IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLESTON MATHIS, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:08-CV-1373-D |
| VS. § | |
| § | |
| CARY PRODUCTS, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In a combined motion to dismiss and answer, defendant Cary Products ("Cary") moves under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint of plaintiff Charleston Mathis ("Mathis") alleging religious discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*[1] The court denies the motion.[2]

Title VII imposes on an employer the obligation to make reasonable accommodation for the religious observances of its employees, but the employer is not required in doing so to incur

---

[1]Mathis does not cite Title VII. Instead, he alleges that his claim arises under "Federal Law." Compl. ¶ 1. He cites Title VII in his complaint, however, in requesting a court-appointed attorney. *Id.* at ¶ 22.

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

undue hardship.  *See Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 63 n.1 (1986); *Eversley v. MBank Dallas*, 843 F.2d 172, 175 (5th Cir. 1988).  "Undue hardship" exists as a matter of law when an employer is required to bear a more than *de minimis* cost.  *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 84 (1977); *Weber v. Roadway Exp., Inc.,* 199 F.3d 270, 273 (5th Cir. 2000); *Brener v. Diagnostic Ctr. Hosp.*, 671 F.2d 141, 146 (5th Cir. 1982).

To establish a prima facie case of religious discrimination under Title VII, Mathis must demonstrate that (1) he had a bona fide religious belief that conflicted with an employment requirement, (2) he informed the employer of his belief, and (3) he was discharged for failing to comply with the conflicting employment requirement.  *Brener*, 671 F.2d at 144.  Once Mathis establishes a prima facie case, the burden shifts to Cary to show that it was unable to reasonably accommodate Mathis' religious beliefs without incurring "undue hardship."  *See, e.g., id.; Turpen v. Mo.-Kan.-Tex. R.R. Co.*, 736 F.2d 1022, 1026 (5th Cir. 1984).  Cary will bear the burden of proving at trial that it has met its accommodation obligation under 42 U.S.C. § 2000e(j).

Mathis alleges in his *pro se* complaint he had a bona fide religious belief that conflicted with an employment requirement, Compl. ¶ 8; (2) he informed Cary of his belief, *id.;* and (3) he was discharged for failing to comply with the conflicting employment requirement, *id.* at ¶ 11.

Because Mathis has pleaded a prima facie case, Cary must show that it was unable to reasonably accommodate Mathis' religious beliefs without incurring "undue hardship." The court cannot make this determination from Mathis' complaint alone. *See, e.g., Simon v. Telsco Indus. Employee Benefit Plan*, 2002 WL 628656, at *1 (N.D. Tex. Apr. 17, 2002) (Fitzwater, J.) ("In the usual case, th[e] court is unable to grant dismissal under Rule 12(b)(6) based on an affirmative defense because it rarely appears on the face of the complaint."). Therefore, dismissal at the Rule 12(b)(6) stage would be improper.

\* \* \*

Accordingly, Cary's November 17, 2008 motion to dismiss is denied.

**SO ORDERED**.

December 16, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE