```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION

CHARLESTON MATHIS,              §
                                §
              Plaintiff,        §
                                § Civil Action No. 3:08-CV-1373-D
VS.                             §
                                §
CARY PRODUCTS,                  §
                                §
              Defendant.        §
```

MEMORANDUM OPINION
AND ORDER

Defendant Cary Products ("Cary") moves for summary judgment dismissing this religious discrimination case brought by plaintiff Charleston Mathis ("Mathis") under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*[1] Mathis, who is proceeding *pro se*, has not responded to the motion. For the reasons that follow, the court grants the motion and dismisses this action with prejudice by judgment filed today.

I

Mathis alleges in his complaint that he has a bona fide religious belief that prohibits his working on Saturdays. He avers that Cary scheduled him to work Saturdays, and that it refused to change his schedule after he explained his belief and requested several times that his schedule be changed. According to Mathis, Cary later terminated his employment because he failed to work on

---

[1] Mathis does not explicitly bring his claim under Title VII. Instead, he alleges that his claim arises under "Federal Law." Compl. ¶ 1. He cites Title VII in his complaint, however, in requesting a court-appointed attorney. *Id.* at ¶ 22.

Saturdays.  Cary maintains, *inter alia*, that it did not fail to accommodate Mathis' religious belief because Mathis never informed Cary of his alleged religious belief.

Cary filed an amended motion for summary judgment on May 15, 2009.  Mathis' response was due no later than June 4, 2009.  *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 20 days from the date the motion is filed.").  Mathis has not responded to the motion, and it is now ripe for decision.

II

Because Cary does not have the burden at trial on Mathis' Title VII claim, it can meet its summary judgment obligation by pointing the court to the absence of evidence to support the claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).[2]  In its

---

[2]The court recognizes that in a Title VII failure-to-accommodate-religion case, the burden of proof could shift to Cary at trial.  When a plaintiff establishes a prima facie case, the burden shifts to the employer to show that it was unable to reasonably accommodate the plaintiff's religious beliefs without incurring "undue hardship."  *See, e.g., Turpen v. Mo.-Kan.-Tex. R.R. Co.*, 736 F.2d 1022, 1026 (5th Cir. 1984); *Brener v. Diagnostic Ctr. Hosp.*, 671 F.2d 141, 144 (5th Cir. 1982).  The employer then bears the burden of proving at trial that it has met its accommodation obligation under 42 U.S.C. § 2000e(j).  But Mathis has not responded to Cary's motion and therefore has failed even to establish a prima facie case, which requires proof that (1) he had a bona fide religious belief that conflicted with an employment requirement, (2) he informed the employer of his belief, and (3) he was discharged for failing to comply with the conflicting employment requirement.  *Brener*, 671 F.2d at 144.  As the court has noted *supra* at § I, Cary maintains that Mathis never informed Cary of his alleged religious belief.  Mathis has not adduced evidence that would permit a reasonable jury to find that he did.

motion, Cary has pointed to the absence of evidence supporting Mathis' claim. Because Cary has done so, Mathis must go beyond his pleadings and designate specific facts showing that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). Summary judgment is mandatory where the nonmoving party fails to meet this burden. *Little*, 37 F.3d at 1076.

Mathis has not responded to Cary's motion. His failure to respond does not, of course, permit the court to enter a "default" summary judgment. The court is permitted, however, to accept Cary's evidence as undisputed. *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Moreover, Mathis' failure to respond means that he has not designated specific facts showing that there is a genuine issue for trial on his claim. "A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). The fact that Mathis is litigating this case *pro se* does not alter this rule. As the court stated in *Bookman*:

- 3 -

> There is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention. It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment. All summary judgment nonmovants shoulder the same obligation. District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response.

*Id.* at 1005. In the present case, Mathis has also ignored all of Cary's discovery requests, failed to appear for his deposition on two separate occasions, and not responded to any correspondence from Cary's counsel.

Because Cary has pointed to the absence of evidence to support essential elements of Mathis' claim, and Mathis has not adduced evidence that would permit a reasonable jury to find in his favor, Cary is entitled to summary judgment dismissing this case.

\* \* \*

Accordingly, Cary's May 15, 2009 amended motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED.**

June 18, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE